JIEMIN SHAO, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 07–0069–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

Joan Xie, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Civil Division, Linda S. Wernery, Assistant Director, Debora Gerads, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Jiemin Shao, a native and citizen of the People's Republic of China, seeks review of a December 22, 2006 order of the BIA affirming the July 25, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiemin Shao,* No. A97 954 422 (B.I.A. Dec. 22, 2006), *aff'g* No. A97 954 422 (Immig. Ct. N.Y. City July 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility finding in this case. First, the IJ reasonably doubted the authenticity of Shao's Chinese ID card, purportedly issued on June 7, 2004. Shao claimed that his family requested that this card be issued, and sent it to him in the United States, after the immigration authorities confiscated his old card upon his entry into the United States. As the IJ noted, however, this explanation could not have been accurate when Shao did not enter the United States until June 24,

2004. The record thus supports the IJ's inference that the ID card was back-dated and therefore inauthentic. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir. 2007). Moreover, because Shao submitted the ID card to establish his identity, a central element of his claim, the IJ reasonably found that the suspect nature of this document detracted from his credibility overall. *See Matter of O–D–,* 21 I. & N. Dec. 1079, 1083 (B.I.A.1998).

In addition, we find no error in the IJ's reliance on discrepancies relating to Shao's claim that his wife was forced to have an abortion, namely: (1) Shao's inconsistent testimony regarding how many months his wife was allowed to wait between the birth of her first child and her IUD insertion; and (2) the inconsistent explanations he and his wife offered for why she was allowed to delay the IUD insertion. These inconsistencies, combined with the IJ's observations regarding Shao's hesitant, nonresponsive demeanor, adequately support the adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Having found that the adverse credibility finding is supported by substantial evidence, we need not decide whether petitioner's claim could survive *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 312–13 (2d Cir.2007) (*en banc*).

Because Shao's withholding and CAT[1] claims were also premised on his wife's alleged abortion, these claims were also properly denied. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006); *Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**FENG LIN, also known as Liu Feng, also known as Lin Feng, Petitioner,**

**v.**

---

1. Shao did not challenge the denial of CAT relief meaningfully in his brief to the BIA, as he was required to do in order to exhaust his administrative remedies. *See Karaj v. Gonzales,* 462 F.3d 113, 119–20 (2d Cir.2006).

However, because the BIA nonetheless considered the CAT claim on the merits, his failure to exhaust this claim is excused. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 295–96 (2d Cir.2006).